**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW TURNER,** | : | **CIVIL NO. 3:13-CV-494** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This is one of a number of related actions, in which federal inmates have sued the United States of America, alleging injuries stemming from the consumption of food contaminated with salmonella that was served at the United States Penitentiary, Canaan.  The Defendant has filed a motion to dismiss which argues that we lack jurisdiction in this case at present due to the Plaintiff's failure to timely exhaust his administrative remedies before commencing this lawsuit.  In conjunction with this dispositive motion the Defendant has also filed a motion for protective order that seeks to stay discovery until this threshold jurisdictional question is resolved.  The Plaintiff in turn has filed a pleading styled as a motion objecting to this protective

order.  For the reasons set forth below we will grant the defendant's request and discovery will be stayed pending resolution of this motion to dismiss.

## II.   <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery matter.  At the outset, the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court."  <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the

Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus,

a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J.1997).   When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard."  Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)).  Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion."  Kresefky v. Panasonic Commc'ns and
> Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
> BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We note that this broad discretion over discovery matters extends to decisions

under Rule 26(c) relating to the issuance of protective orders limiting and regulating

the timing of discovery.  Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

This discretion is also guided, however, by certain basic principles.  One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless.  See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth:  Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.  In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" <u>In re Currency Conversion Fee Antitrust Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (<u>quoting Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (<u>citing Flores v. Southern Peru Copper Corp.</u>, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

This principle applies with particular force to motions to dismiss brought under Rule 12(b)(1) which raise jurisdictional challenges to a lawsuit. "When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction the accompanying defenses become moot and need not be addressed." (internal citations omitted.) <u>Stefanowitz v. Suntrust Mortgage, Inc.</u>, Civ. No. 3:10-1321, 2011 WL 2970805 at *1 (M.D. Pa. Apr. 27, 2011) <u>report and recommendation adopted</u>, 2011 WL 2960870 (M.D. Pa. July 20, 2011) <u>See also</u> <u>Walthour v. Herron</u>, 2011 WL 1325981 at*1 (E.D. Pa. 2011); <u>Tagayun v. Stolzenberg</u>, 239 Fed. App'x 708, 710 (3d Cir. 2007) ("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case.");

McCurdy v. Esmonde, 2003 WL 223412, at *4 (E.D. Pa. 2003) ("Without jurisdiction the court cannot proceed at all in any cause").

Guided by these legal tenets we conclude that discovery should be stayed at this time.  We note that the Defendant has filed a potentially dispositive motion in this case.  The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of these motions.  In this setting, we conclude, consistent with settled case law, that:  "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will defer further discovery pending resolution of the outstanding motion to dismiss.  An appropriate order follows:

### III.   Order

Accordingly, for the foregoing reasons, the Defendant's Motion for Protective Order (Doc. 32.) is GRANTED and Discovery is STAYED pending resolution of the motion to dismiss filed in this action.  The Plaintiff's motion objecting to this protective order, which is actually a response in opposition to this motion, (Doc. 36.), is DENIED.

6

So ordered this 4th day of April, 2014.

**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge