**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MATTHEW TURNER,               :
                              :          **Civil No. 3:13-CV-494**
        Plaintiff             :
                              :
v.                            :
                              :          **(Magistrate Judge Carlson)**
UNITED STATES OF AMERICA,     :
                              :
        Defendant             :

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

The *pro se* plaintiff is a federal prisoner, who was formerly housed at the United

States Penitentiary-Canaan in the summer of 2011. The plaintiff is currently suing the

United States, alleging that in June of 2011 the prison served inmates chicken fajitas.

(Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with

salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and

suffered excruciating pain and symptoms which included headaches, diarrhea,

abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.)

Alleging negligence on the part of the prison in the preparation and service of this food,

the plaintiff has brought this action seeking damages from the United States, pursuant

to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*.

On March 6, 2014, the defendant filed a motion to dismiss this complaint, which we also construed as a motion for summary judgment, in this case.  (Doc. 28.)  This motion alleged that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court.  With respect to this administrative exhaustion requirement, the undisputed evidence reveals the following chronology of events:  The plaintiff's administrative tort claim was received for filing on January 30, 2013.  (Doc. 29, Declaration of Kimberly Sutton (Ex. A) ¶ 3.)  The plaintiff's complaint was docketed by the Court three weeks later, on February 21, 2013.  (Doc. 1.)  However, five months elapsed following the filing of this complaint before the Bureau of Prisons denied the administrative tort claim on July 29, 2013.  (Doc. 29 Sutton Decl. (Ex. A) ¶ 5.)  Thus, the plaintiff had not received a final denial by the agency before filing a complaint in federal court as is required by 28 U.S.C. §2675(a).

On these facts, the defendant has now moved to dismiss this complaint, citing the plaintiff's failure to exhaust administrative remedies within the prison system prior to filing this complaint.  Such administrative exhaustion is required by law before an inmate may proceed into federal court.  The parties have fully briefed this motion, (Docs. 29, 35 and 38.) and this motion is, thus, ripe for resolution.

For the reasons set forth below, the motion to dismiss will be granted, but without prejudice to the re-filing of a complaint now that the plaintiff has completed the process of exhausting his administrative tort claims.

## II.   Discussion

### A.   The Parties's Burdens of Proof and Persuasion

#### 1.   Motion to Dismiss Rule 12(b)(1)

The defendant moved to dismiss this FTCA claim for failure to exhaust pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).  In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  See id.; PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993). In reviewing a factual attack, the court may consider evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891).  Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other grounds by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Here, the defendant's motion presents a factual attack upon subject matter jurisdiction, arguing that this court lacks jurisdiction over this claim due to the plaintiff's failure to exhaust his administrative remedies.  When presented with such a fact-bound jurisdictional challenge are cautioned that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings.  Id.  In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist.  Mortensen, 549 F.2d at 891.  In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists.  Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891.  If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing.  Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18.  "[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination."  Gould, 220 F.3d at 177.

Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008).

## 2.     Summary Judgment Motion-Rule 56

Moreover, to the extent that this motion presents matters beyond the pleadings, in the form of competing declarations by the defendant and plaintiff, we have also previously placed the parties on notice that we may treat this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a).  Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Further, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. In this regard, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96 (3d Cir.

1982).  "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969).  Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions."  Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

## B.    The FTCA's Administrative Exhaustion Requirement

In this case it is alleged that the plaintiff did not fully exhaust his administrative remedies before bringing this FTCA action.  The plaintiff's alleged failure to exhaust these administrative remedies may have substantive significance for the plaintiff.  As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied.  Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued.  White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456

(3d Cir. 2010).   The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction."  Id.  The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity."  Id.  The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.

Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain.  28 C.F.R. § 14.2(a).  If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA.  28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a

claim before suit can be brought is jurisdictional and cannot be waived."  <u>Roma v. United States</u>, 344 F.3d 352, 362 (3d Cir. 2003) (citing <u>Livera v. First Nat'l Bank of New Jersey</u>, 879 F.2d 1186, 1194 (3d Cir. 1989)).  The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).  As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit.  <u>See, e.g.</u>, <u>Abulkhair v. Bush</u>, 413 F. App'x 502, 506 (3d Cir. 2011); <u>Accolla v. United States Gov't</u>, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

In this regard, it must be emphasized that full administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit.  Therefore, where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that action.  <u>Miller v. United States</u>, 517 F. App'x 62, 63 (3d Cir. 2013); <u>Roma v. United States</u>, 344 F.3d 352, 362 (3d Cir. 2003).  In short, given the jurisdictional nature of this exhaustion requirement, when an inmate files an FTCA lawsuit before he receives a final denial of his administrative tort claim, "the District Court [i]s without jurisdiction to rule on the FTCA claim[,]  <u>See McNeil</u>, 508 U.S. at 111-12, 113 S.Ct.

1980 (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed)," <u>Accolla v. U.S. Gov't</u>, 369 F. App'x 408, 410 (3d Cir. 2010), and the claim must be dismissed.

> ### C.    <u>The Plaintiff's Current Complaint Should Be Dismissed as Unexhausted But Without Prejudice to Re-filing This Action</u>

These legal tenets defining the jurisdictional nature of the FTCA's exhaustion requirement control here and compel dismissal of this complaint since the undisputed evidence shows that the plaintiff filed this complaint five months prior to the denial of his administrative tort claim. Thus, at the time that he filed this complaint, the plaintiff had not exhausted his administrative tort claim and we lack jurisdiction to entertain this case. In short, there is no subsequent compliance exception to the jurisdictional nature of this prior exhaustion requirement, and the plaintiff cannot avoid this jurisdictional bar by simply alleging that he later complied with this exhaustion requirement.

Yet while we are compelled to dismiss this complaint, we acknowledge that administrative exhaustion is now completed in this case. Therefore, this complaint will be dismissed without prejudice to re-filing this action now that the plaintiff has fully satisfied this exhaustion requirement. We adopt this course mindful of the fact that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend

is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

Here, we conclude that this rule applies with particular force and strongly favors dismissal of this complaint without prejudice to the re-filing of this action now that the plaintiff has satisfied the FTCA's exhaustion requirement.  In particular we note that it cannot be said that the FTCA's statute of limitations would render this course of action futile.  Rather, it is well-settled that:  "the FTCA's statute of limitations is not jurisdictional, and thus in appropriate circumstances the equitable tolling doctrine can apply in actions under it. <u>Hughes v. United States</u>, 263 F.3d 272, 278 (3d Cir.2001); <u>see</u> <u>Hedges v. United States</u>, 404 F.3d 744, 748 (3d Cir.2005) (federal courts apply equitable tolling to wide range of cases against the Government, including FTCA claims).  Other courts of appeals also have applied equitable tolling in suits against the United States. <u>Hedges</u>, 404 F.3d at 748 (citing other courts of appeals); <u>T.L. ex rel. Ingram v. United States</u>, 443 F.3d 956, 961 (8th Cir.2006) (citing courts of appeals holding that FTCA's limitations provision is jurisdictional but that equitable tolling nevertheless applies because Congress so intended)." <u>Santos ex rel. Beato v. United States</u>, 559 F.3d 189, 194-95 (3d Cir. 2009).

Further, in the related context of inmate litigation under the Prison Litigation Reform Act, (PLRA), which also imposes an administrative exhaustion requirement upon prisoner-plaintiffs, it has been held that equitable tolling of any statute of

limitations is appropriate while an inmate exhausts his administrative remedies. This conclusion has been consistently reached by those appellate courts which have addressed this question in precedential opinions. See e.g., Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011); Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000). This view has also often been espoused by the United States Court of Appeals for the Third Circuit, albeit in non-precedential opinions, where the court of appeals has held that: "[b]ecause exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act, the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts." Thompson v. Pitkins, 514 F. Appx. 88, 90 (3d Cir. 2013); Paluch v. Sec'y Pa. Dep't of Corr., 442 Fed. Appx. 690, 694 (3d Cir. 2011)(same). See e.g., Ballard v. Williams, 3:10-CV-1456, 2010 WL 7809047 (M.D. Pa. Dec. 9, 2010) report and recommendation adopted, 3:10-CV-1456, 2011 WL 5089726 (M.D. Pa. Oct. 25, 2011); Ozoroski v. Maue, No. Civ. A. No. 08-0082, 2009 WL 414272, at *7 (M.D. Pa. Feb. 18, 2009); Carter v. Pa. Dep't of Corrections, Civ. A. No. 08-0279, 2008 WL 5250433, at *11 (E.D. Pa. Dec. 17, 2008) ("[T]he statute of limitations begins to run only when [a] plaintiff has exhausted his administrative remedies under the PLRA."); Cooper v. Beard, Civ. A. No. 06-0171, 2006 WL 3208783, at *8 (E.D. Pa. Nov. 2, 2006) ("Because an inmate would be placed in a situation where his suit would either be barred from federal court for failure to

exhaust administrative remedies under the PLRA, or time-barred because he had pursued those administrative remedies . . . the statute of limitations for an inmate's § 1983 claims are tolled while he exhausts his administrative remedies.").

While we need not reach these statute of limitations issues at present since the defendant has not elected to assert the statute of limitations in this motion as a defense, it suffices for our purposes today to conclude that the FTCA's statute of limitations, which may be equitably tolled, clearly would not render re-filing this complaint a futile gesture. Therefore, while we are compelled to dismiss the original complaint as unexhausted, that dismissal will be without prejudice to the re-filing of a complaint by the plaintiff, provided that the plaintiff acts promptly in re-filing this pleading.

An appropriate order will follow.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge

Dated: April 9, 2014.