IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW TURNER, | : | |
| | : | Civil No. 1:13-CV-494 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

MEMORANDUM OPINION

I.      Statement of Facts and of the Case

This case comes before us in a curious posture:  The defendant moved to dismiss this complaint citing the plaintiff's failure to exhaust his administrative remedies prior to filing this action.  We agreed with the defendant and granted this motion to dismiss.  The defendant now asks that we reconsider this ruling, which granted the defendant the relief which it sought.

For the reasons set forth below, this motion will be denied.

The *pro se* plaintiff is a federal prisoner, who was formerly housed at the United States Penitentiary-Canaan in the summer of 2011.  The plaintiff is currently suing the United States, alleging that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1.)  According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.  (Id.)  Consequently, the plaintiff contracted food poisoning, and

suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff has brought this action seeking damages from the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

On March 6, 2014, the defendant filed a motion to dismiss this complaint, which we also construed as a motion for summary judgment, in this case. (Doc. 28.) This motion alleged that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court. With respect to this administrative exhaustion requirement, the undisputed evidence revealed the following chronology of events: The plaintiff's administrative tort claim was received for filing on January 30, 2013. (Doc. 29, Declaration of Kimberly Sutton (Ex. A) ¶ 3.) The plaintiff's complaint was docketed by the Court three weeks later, on February 21, 2013. (Doc. 1.) However, five months elapsed following the filing of this complaint before the Bureau of Prisons denied the administrative tort claim on July 29, 2013. (Doc. 29 Sutton Decl. (Ex. A) ¶ 5.) Thus, the plaintiff had not received a final denial by the agency before filing a complaint in federal court as is required by 28 U.S.C. §2675(a).

We granted this motion to dismiss, but without prejudice to the re-filing of a new complaint now that the plaintiff has completed the process of exhausting his administrative tort claims. This course of action, dismissal without prejudice, is commonplace in these cases.  Indeed, we note that, in a variety of factual contexts, courts have expressly sanctioned dismissal of FTCA actions as unexhausted without prejudice in order to enable plaintiff's to perfect the exhaustion of their administrative remedies.  See e.g., Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010); McLaurin v. United States, 392 F.3d 774, 782 (5th Cir. 2004); Konarski v. Brown, 03-5340, 2004 WL 1249346 (D.C. Cir. June 7, 2004);  Bailey v. United States, 992 F.2d 1222 (10th Cir. 1993).  In short, in this setting dismissal of an unexhausted claim without prejudice has long been recognized as the preferred and proper course of action.  In dismissing this claim without prejudice, we also noted that the defendant may later assert that any new complaint filed by the plaintiff is time-barred.  We did not decide this issue, however, since:  (1) the original complaint was dismissed; (2) no new complaint had been filed; and (3) no one had yet moved to dismiss a hypothetical complaint on statute of limitations ground.

Having received the relief which they requested, dismissal of this action, the defendant now asks us to reconsider our ruling.  (Doc. 41.)  In effect, this motion asks us now to decide an issue that is not yet ripe, the question of whether the statute of limitations would bar the filing of an FTCA action in the future.  We will deny this

motion without prejudice to addressing this issue fully at the appropriate time in the litigation of any new case filed by the plaintiff.

## II.   Discussion

### A.   Motions to Re-Consider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either:  "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".  Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ).  As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

<u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. <u>Dodge</u>, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc</u>., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. <u>See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

## B.   The Defendant's Motion to Reconsider Should Be Denied

The defendant's motion to reconsider suggests that, in granting the defendant's motion to dismiss, we were somehow "patently" confused. (Doc. 42, p. 3.)

The defendant errs. We were not confused regarding the nature of this motion to dismiss, which we granted. As we previously stated, full administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit. Therefore, where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that

action.  Miller v. United States, 517 F. App'x 62, 63 (3d Cir. 2013); Roma v. United

States, 344 F.3d 352, 362 (3d Cir. 2003).  In short, given the jurisdictional nature of

this exhaustion requirement, when an inmate files an FTCA lawsuit before he receives

a final denial of his administrative tort claim, "the District Court [i]s without

jurisdiction to rule on the FTCA claim[,] See McNeil, 508 U.S. at 111-12, 113 S.Ct.

1980 (holding that a court is without jurisdiction to rule on a prematurely filed action

even if an agency denies the related administrative claim soon after the federal lawsuit

is filed)," Accolla v. U.S. Gov't, 369 F. App'x 408, 410 (3d Cir. 2010), and the claim

must be dismissed.  For this reason we dismissed this complaint.

However, we were also not confused regarding the practice endorsed by

numerous courts, including the United States Court of Appeals for the Third Circuit,

in this field.  These courts have expressly sanctioned dismissal of FTCA actions as

unexhausted without prejudice in order to enable plaintiff's to attempt to perfect the

exhaustion of their administrative remedies.  See e.g., Wadhwa v. Nicholson, 367 F.

App'x 322, 325 (3d Cir. 2010); McLaurin v. United States, 392 F.3d 774, 782 (5th Cir.

2004); Konarski v. Brown, 03-5340, 2004 WL 1249346 (D.C. Cir. June 7, 2004);

Bailey v. United States, 992 F.2d 1222 (10th Cir. 1993).  Indeed, we followed this

longstanding practice when we dismissed this case without prejudice.

Rather it appears that the defendant may be confused in some respects.  For

example, the defendant now insists that this ruling is fundamentally inconsistent with

our recommendation in two other cases, <u>Stevenson v. United States</u>, 3:13-CV-1061, 2014 WL 1419302 (M.D. Pa. Apr. 10, 2014) and <u>Martin v. United States</u>, 1:13-CV-1456, 2014 WL 690619 (M.D. Pa. Feb. 24, 2014), but this argument is based upon a confusion regarding the holding in both <u>Martin</u> and <u>Stevenson</u>.  In these cases the plaintiff had completely failed to prosecute his claims, and under the <u>Poulis</u> analysis adopted by the court of appeals the complaints were subject to the sanction of dismissal with prejudice.  In contrast, in this case, the plaintiff has plainly endeavored to live up to his obligations as a litigant, and the defendant does not contend otherwise. Therefore, <u>Martin</u> and <u>Stevenson</u>, cases dealing with sanctions for delinquent, and non-compliant plaintiffs simply have no relevance here.

The defendant also may be confused and believe that we authorized the plaintiff to simply file an amended complaint to cure this defect.  We did not.  In fact, as the defendant may recall, we have held in other cases that in light of the appellate court's decision in <u>Hoffenberg v. Provost</u>, 154 F. App'x 307, 310 (3d Cir. 2005) a plaintiff cannot post-date his complaint to a date after the time that he completed exhaustion of his administrative grievance by simply moving to amend that complaint.  <u>McGill v. United States</u>, No. 1:12-CV-2501.  In short, we did not dismiss with leave to amend. We dismissed this case but indicated that the dismissal was without prejudice to the filing of a new action.  Indeed, we note that Turner himself seems unconfused on this score since he has not attempted to amend his complaint but has instead endeavored to

file a new civil action, the merits of which remain to be resolved. Turner v. United States, 3:14-CV-750.

The defendant also appears to be confused that our decision granting their current motion to dismiss this lawsuit was somehow tantamount to a ruling denying some future, but unfiled motion to dismiss asserting the bar of the statute of limitations as to any new complaint filed by the plaintiff. It is not. Quite the contrary, we have previously noted for the parties that we need not reach these statute of limitations issues at present since the defendant did not elect to assert the statute of limitations as a defense. We will also decline the defendant's invitation to reach these issues now in this lawsuit since this case has been dismissed. Instead, we believe that these questions should be addressed when, and if, they arise in future litigation.

## III.   Conclusion

For the foregoing reasons, the defendant's motion to reconsider the order granting the defendant's motion to dismiss is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: April 30, 2014.